Law Offices of Jeffrey R. Hacker, P.C.
Jeffrey R. Hacker, SBOT # 08667300
16801 Addison Road, Suite 124
Addison, Texas 75001-5696
972.380.5630 – 800.691.5630
972.380.5635 – Facsimile

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| THOMAS MATHEWS § | | |
| LEELA M. THOMAS § | | |
|     Debtors § | Number 10-36557 | |
| § | Chapter 13 | |

---

| | | |
|---|---|---|
| THOMAS MATHEWS § | Adversary Number: _____ | |
| LEELA M. THOMAS § | | |
|     Plaintiffs § | | |
| vs. § | | |
| § | | |
| CHASE HOME FINANCE, LLC and § | | |
| LAKMAN PROPERTIES, LLC § | | |
| § | | |
|     Defendants § | | |

ADVERSARY COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    THOMAS MATHEWS and LEELA M. THOMAS, hereinafter "Debtors," file this Adversary Action, pursuant to Bankruptcy Rule 7001, to set aside the purported foreclosure and subsequent sale of their homestead as void. In support of such Complaint, Debtors would respectfully show the Court as follows:

1. That Debtors filed their Petition under Chapter 13 of Title 11 the United States Bankruptcy Act on September 17, 2010. The case is currently pending before this Court.

2. That this Court has jurisdiction over this matter pursuant to *28 U.S.C. Section 1334; 28 U.S.C. Section 157, and 11 U.S.C. Section 523(a)(2)(A)*

3. This cause involves a core proceeding in the Bankruptcy case.

4. Defendant Chase Home Finance, LLC (hereinafter Defendant "Chase") is a national banking association upon which process may be served on its registered agent, CT Systems, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

5. Defendant Lakman Properties, LLC is a Texas limited liability company upon whom service of process may be effected on Liliya Lakmanchuk, its registered agent, at 2628 Pin Oak Lane, Plano, Texas 75024.

6. That the Debtors were, at all times, up and until on or about September 7, 2010, the owners of their homestead located at 720 Lyndsie Drive, Coppell, Dallas County, Texas, bearing the legal description of Lot 2, Block E, VISTAS OF COPPELL, PHASE II-C, an Addition to the City of Coppell, Dallas County, Texas.

7. That Debtors' homestead was subject to a first lien serviced at all times relevant by Defendant Chase, in the approximate amount of $168,000, represented purchase money loans to purchase the home. Debtors would show that the approximate fair market value of the homestead is $385,000.

8. In September, 2009, Debtor Thomas Mathews was laid off from his employment, and, since that time, has been receiving unemployment compensation. Debtor Leela M. Thomas has, although unemployed at the time her husband lost his position, has now been continuously employed and is fully capable of making necessary payments through the Chapter 13 process to cure the arrearage.

9. Since approximately October, 2009, approximately 11 months prior to filing their Petition, the Debtors were engaged in modification negotiations with Defendant Chase, due to their financial situation, and had provided all information requested by Defendant Chase in due order, regardless of what information was requested.

10. On or about June 28, 2010, Defendant Chase advised Debtors that they needed additional documentation, and that they would not foreclose until their evaluation of Debtors modification request was complete.

11. On or about July 15, 2010, Defendant Chase informed Debtors that their "trial modification" proposal had been rejected, and that Defendant Chase would continue to work with them to resolve their alleged default in the repayment of their loan. In fact, Debtors continued to negotiate a resolution with Chase on an ongoing basis continuously from the date notified that their modification request had been denied to as late as four (4) days prior to the date of the purported foreclosure.

12. That on or about September 3, 2010, or four (4) days prior to the purported foreclosure, Debtors spoke via telephone with representatives of Defendant Chase and were requested to submit updated payroll records from Debtors' next payroll. Debtors submitted such records to Defendant Chase on September 10, 2010, the following Friday, which was the next pay-day of Debtor Leela M. Thomas. Debtor Thomas Mathews remained unemployed but was, at the time, in serious negotiations for a new position.

13. Debtors would show the Court that Debtor's spouse's income, alone, is sufficient to satisfy the monthly mortgage obligation to Defendant Chase.

14. That Defendant Chase at all times indicated to Debtors that they would continue to work with them to resolve their indebtedness, and that they would not foreclose without notice.

15. That Defendant Chase failed to provide proper notice of default and intent to foreclose which rendered the purported foreclosure of Plaintiff's property invalid.

16. That on or about September 7, 2010, Defendant Chase purportedly caused Debtors' homestead to be foreclosed and purportedly sold the property to Defendant Lakman.

17. That on or about September 10, 2010, Debtors received a letter, addressed to them advising them that their home had been sold at foreclosure on September 7, 2010, and that Defendant Lakman had acquired the property.

18. That Debtors had received no notice of any pending foreclosure on their property, did not refuse or avoid any certified letters, and were substantially current on the existing first mortgage against the property, as well as all of their other indebtedness. The first notice they had of any problem with their loan was when they received a notice to vacate the premises.

19. That Debtors had offered, and at all times relevant, had been prepared to, and, in fact, had offered to, enter into any arrangement to modify their loan with Chase and to bring any arrearage current.

20. That the Debtors' homestead is necessary to the successful reorganization of the Debtors finances, as there is approximately $200,000 in net equity in their homestead. Debtors believe that Defendant has attempted to obtain ownership of their homestead by predatory lending practices, including failure to properly verify the ownership of the lien allegedly foreclosed on, failing to properly track the numerous assignments of its claimed second lien, failing to properly verify the amount claimed to be past due thereon, wrongfully foreclosing on their property, wrongfully and willfully violating the automatic stay provisions of the bankruptcy act, in order to obtain a property valued at approximately $380,000 for approximately $165,000.

WHEREFORE, PREMISES CONSIDERED, Debtors pray that the Court enter an Order declaring the foreclosure by Defendant Chase and the purported purchase by Defendant Lakman void, and the property restored to Debtors, and for such other and further relief as to which Debtors may show themselves justly entitled.

Respectfully submitted,

/s/ Jeffrey R. Hacker_____

Jeffrey R. Hacker, SBOT #08667300
16801 Addison Road, Suite 124
Addison, Texas 75001-5696